Pedro S. Medina, demandante y apelante, *v.* White Star Bus Line, demandada y apelada.

No. 5840.—*Sometido:* Enero 24, 1933. *Resuelto:* Septiembre 29, 1934.

*Antonio Ayuso y Daniel Pellón, Jr.,* abogados del apelante; *J. Henri Brown, C. Ruiz Nazario, G. E. González y G. Benítez Gautier,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Pedro S. Medina demandó a la corporación White Star Bus Line para que le pague indemnización por un accidente que sufrió. Celebrado el juicio recayó sentencia declarando sin lugar la demanda y Medina interpuso esta apelación.

El primer motivo de su recurso lo funda en haber permitido la corte inferior al comenzar el juicio que la demandada adicionara a las defensas que expuso en su contestación a la demanda la de que el demandante era en la fecha que se refiere este pleito un empleado con derecho a indemnización de acuerdo con la ley de accidentes a obreros y que tiene una reclamación de indemnización en la Comisión Industrial por el hecho que motiva la presente demanda.

La objeción del demandante a la admisión de tal defensa fué que no es pertinente en este pleito. La corte la admitió, pero aunque esa resolución haya sido errónea, no causó perjuicio alguno al apelante porque no fué tenida en cuenta por la corte para dictar la sentencia apelada como puede verse por la opinión que escribió para fundar su fallo. Es cierto que al final de ella dice la corte que su resolución del caso en nada prejuzga el derecho que el demandante pueda tener a recibir compensación por la ley de accidentes del trabajo. Pero esas palabras no pueden ser interpretadas en el sentido de que, como dice el apelante, moralmente tuvo en cuenta esa defensa para su sentencia, pues ellas significan lo que dicen, esto es, que el declarar sin lugar la demanda en este pleito no queda prejuzgada su reclamación de compensación por la ley de accidentes del trabajo.

Decidiremos ahora el décimo de los motivos del recurso, ya que en él se dice que la corte inferior cometió error perjudicial para el demandante al admitir como evidencia un asiento hecho en un libro llamado "de novedades," del cuartel de la policía de Río Piedras. Esa evidencia fué tenida en cuenta por el tribunal inferior para su sentencia.

En el juicio se probó que los policías tienen el deber por

razón de su cargo de anotar en dicho libro las ocurrencias o accidentes de que tengan conocimiento; que tal libro contiene un asiento escrito por el policía insular Antonio Cruz Santiago; que este policía falleció antes del juicio; y que el asiento está fechado el día a que se refiere el accidente que motiva este pleito. Hubo evidencia de que un policía insular llamado Antonio iba en el ómnibus de motor, que aquí llaman guagua y con cuyo nombre continuaremos designándolo, cuando el demandante sufrió la rotura de su pierna izquierda y de que ese policía ha muerto.

En el caso de *El Pueblo* v. *Viana,* 41 D.P.R. 413, esa cuestión no fué resuelta directamente, pero un asiento como ése de un policía fué tenido en cuenta con otras circunstancias para la revocación de la sentencia de la corte inferior.

La Ley de Evidencia dispone en su artículo 93 que los asientos y otros escritos de un finado, hechos en los momentos o poco antes de efectuarse la transacción, cuando se hallaba en aptitud de conocer los hechos consignados en ellos, podrán leerse como evidencia prima facie de los referidos hechos, entre otros casos, cuando se hubiere hecho en cumplimiento de un deber impuesto por una ley, un contrato o un cargo. Respecto a tales clases de asientos dice Jones en sus comentarios sobre evidencia, segunda edición, tomo 3, pág. 2119, lo siguiente:

"Puede decirse, en general, que la regla sobre admisibilidad de asientos hechos por particulares en el curso ordinario de sus negocios exige 'no meramente que sean contemporáneos con los hechos a que hacen relación, sino también por personas que tengan conocimiento personal de los hechos y que sean corroborados por su testimonio, en caso de que vivan y puedan obtenerse, o mediante prueba de su manuscrito, si estuvieren muertos o dementes, o fuera del alcance de la corte o de la comisión que ésta pueda expedir. El testimonio de personas que vivan, con conocimiento personal de los hechos de que hablan, prestado bajo la fe del juramento, en corte abierta, donde pueden estar sujetas a un examen de repreguntas, ofrece la mayor garantía de veracidad. . . . . La admisibilidad de las declaraciones en tales casos está limitada por la necesi-

dad en que se funda.' Desde hace largo tiempo ha sido regla establecida de derecho tanto en Inglaterra como en este país que una minuta o memorándum escritos, hechos por persona que ha muerto en el ínterin, al tiempo en que el hecho en controversia tuvo lugar, en el curso ordinario de sus negocios, corroborados por otras circunstancias que hacen probable la ocurrencia del hecho, son admisibles como prueba.''

Sobre esa cuestión puede verse también a 22 C. J. 803.

Por lo expuesto tenemos que concluir que no existe ese motivo de error.

■ El segundo se funda en que la corte apreció erróneamente la forma en que ocurrió el accidente origen de la causa de acción que se ejercita en este caso. Se refiere, pues, a la apreciación de la prueba.

El día a que se refiere este pleito, a eso de las 11:30 de la mañana, el demandante iba montado a caballo por el lado derecho de la carretera que de San Juan conduce a Río Piedras, a cuya última población se dirigía. Al llegar al sitio llamado Hato Rey, entre las paradas 32 y 33 del tranvía eléctrico, cuya vía férrea estaba cerca de la carretera en su lado derecho en igual dirección, alcanzó al demandante una guagua de pasajeros de la demandada, que también iba para Río Piedras por la derecha de la carretera. Cuando la guagua estaba pasando al demandante llegaba en dirección contraria un tranvía eléctrico y hubo un choque entre la guagua y el demandante, quien sufrió la rotura de los dos huesos de su pierna izquierda. En los anteriores hechos están conformes los testigos de ambas partes. La contradicción entre ellos es solamente en la manera como el choque tuvo lugar, pues mientras los testigos del demandante declararon en el juicio que cuando la guagua estaba pasando al demandante, aquélla se desvió hacia su izquierda dando entonces con el lado derecho de la parte trasera un golpe al demandante y a su caballo, los testigos de la demandada dijeron que cuando la guagua estaba pasando al jinete llegó en dirección contraria un tranvía eléctrico que con sus frenos hizo ruido como

de vapor y se asustó el caballo, que reculando chocó por su lado izquierdo con el lado derecho trasero de la guagua. En esta forma ocurrió el accidente según, también, el asiento del libro ''de novedades'' del cuartel de la policía de Río Piedras.

El conflicto de la evidencia lo resolvió la corte de distrito dando crédito a lo manifestado por los testigos de la demandada y expuso las razones que tuvo para tal decisión. Esta ha dado motivo a una fuerte impugnación del apelante en su alegato. Sin embargo, la lectura de los autos nos convence de que el conflicto de la evidencia fué propiamente decidido. Quizá algunas de las razones expuestas por la corte para fundar su decisión de tal conflicto no sean atinentes, pero de todos modos no encontramos que sea errónea.

Estando sostenida por la evidencia la conclusión de la corte sentenciadora respecto a que el demandante recibió el golpe en su pierna izquierda porque al espantarse su caballo éste fué a chocar contra la guagua, es innecesario considerar los otros motivos del recurso que descansan en otro supuesto.

*La sentencia apelada debe ser confirmada.*